# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JAMES HAGEN and DEBRA HAGEN,

        Plaintiff,

    v.                                        Case No. 06-C-122

VAN'S LUMBER & CUSTOM BUILDERS INC.,
DAVID VALENTINE d/b/a Valentine Architects,

        Defendant,

and

REGENT INSURANCE COMPANY,

        Intervenor Defendant.

## MEMORANDUM OPINION AND ORDER

      Plaintiffs James and Debra Hagen sued defendants Van's Lumber and Custom Builders, Inc. (Van's) and David Valentine, d/b/a Valentine Architects (Valentine) for breach of a home construction contract. Plaintiffs, who are citizens of the state of Minnesota, contracted with Van's and Valentine, both citizens of Wisconsin, for the construction of a home in Kewaunee County, Wisconsin. The complaint alleges that the work performed by Valentine and Vans under the contract was defective, resulting in damages to the plaintiffs in excess of $110,000. Federal jurisdiction exists under 28 U.S.C. § 1332.

      The case is presently before me on the motion to intervene filed by Regent Insurance Company (Regent). Regent insures Van's under a standard commercial general liability insurance policy. Van's tendered the defense of the lawsuit to Regent on or about September 12, 2006.

Regent accepted the tender of defense, apparently while reserving its right to seek a determination that there is no coverage under its policy, and retained the services of an attorney to represent Vans. Regent now seeks to intervene pursuant to Fed. R. Civ. P. 24(a) for the purpose of obtaining declaratory relief to the effect that it does not owe a duty to defend Vans and that none of the damages claimed by the plaintiffs are covered under its policy.

The parties have stipulated to Regent's motion and, normally, the court would simply enter a margin order granting it on that basis. However, Regent, like its insured, is a citizen of the state of Wisconsin, and thus there is some question as to the court's subject matter jurisdiction. The Hagens have asserted no claim against Regent and, thus, Regent's claim is in reality a third-party action against its insured. Since both Regent and its insured are citizens of Wisconsin, federal jurisdiction would not exist if Regent brought a separate action against its insured. The question that arises then is whether a separate basis of jurisdiction is required for the claim Regent seeks to assert. If so, Regent's claim must be dismissed. For even though the parties have stipulated to intervention by Regent, the court has an independent obligation to police subject-matter jurisdiction. And since subject matter jurisdiction cannot be waived, any action the court took in its absence would be of no effect. *See Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 897 (7th Cir. 2002).

Although the law is not as clear as one would prefer, the rule seems to be that where intervention is of right under Fed. R. Civ. P. 24(a)(2), no independent jurisdictional grounds are required. 7C Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1917 at 477 (1986). Instead, the claim falls within the ancillary jurisdiction of the court. *Id.* at 462-63. The rule promotes judicial economy, since it allows the entire controversy to be resolved in one lawsuit

2

rather than two. It also promotes fairness. "To require the absentee to stand idly by and watch others who do not adequately represent him litigate a matter that may result in a disposition that will harm his interest is unfair." *Id.* at 477. Whether this court has subject matter jurisdiction over Regent's proposed claim for declaratory relief therefore depends on whether Regent is entitled to intervene as of right. Although Regent's motion to which the other parties have stipulated seeks intervention as of right, I must independently determine whether such a right exists since the parties may not confer jurisdiction that does not otherwise exist by stipulation. *See Shapo v. Engle*, 463 F.3d 641, 645 (7th Cir. 2006) ("Parties cannot confer federal jurisdiction by agreement."); *see also Davila v. Arlasky*, 141 F.R.D. 68 (N.D. Ill. 1991), and *Nat'l Union Fire Ins. Co. v. Cont'l Ill. Corp.*, 113 F.R.D. 532, 536 (N.D.Ill.1986).

An applicant for intervention as of right under Rule 24(a) must demonstrate that either of two conditions is met:

> (1) . . . a statute of the United States confers an unconditional right to intervene; or
>
> (2) . . . the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Since no statute confers on Regent a right to intervene, it is the second condition on which its motion must rest. More specifically, Regent must have an interest relating to the transaction that is the subject of the action that is not adequately protected by an existing party and it must be so situated that the disposition of the action may as a practical matter impair or

3

impede its ability to protect that interest. In addition, the application must be timely, *Security Ins. Co. of Hartford v. Shipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995), but that is not an issue here.

In *Shipporeit*, the Seventh Circuit noted that "[t]he 'interest' required by Rule 24(a)(2) has never been defined with particular precision." *Id.* Its own decisions "reveal that the interest of a would-be intervenor must be a 'direct, significant, legally protectable' one." *Id.* (*citing American Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir.1989)). The required interest "is something more than a mere 'betting' interest ... but less than a property right. *Id.* at 1480-81. Finally, *Shipporeit* noted that "[w]hether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." *Id.* at 1481.

Regent clearly has an interest related to the transaction underlying this action by virtue of the general liability insurance policy it issued to Van's and Van's contention that Regent is required under its policy to defend and, if necessary, indemnify it for at least some of the damages claimed in the underlying lawsuit. If Van's is ultimately found liable for some of the damages claimed in the Hagen's action and coverage under its policy exists, Regent will be required to indemnify Van's for its loss. While Regent's interest, at this point in time, is contingent, this does not mean it is insufficient to satisfy Rule 24(a). "[I]ntervention as of right can be based on an interest that is contingent on the outcome of the underlying litigation." *Nat'l Union Fire Ins. Co. v. Cont'l Ill. Corp.*, 113 F.R.D. at 535 (*citing SEC v. Flight Transportation Corp.*, 699 F.2d 943, 948 (8th Cir.1983)). In addition, Regent is presently paying legal fees for Van's defense under a reservation of rights and must continue to do so until and unless it can obtain a determination that it owes no defense, or else it risks incurring liability for losses that are not covered and possibly even punitive

4

damages. *Carney v. Village of Darien*, 60 F.3d 1273, 1277 (7th Cir.1995) (applying Wisconsin law) ("An insurer that breaches its duty to defend waives its right to later challenge coverage"); *Hamlin Inc. v. Hartford Accident & Indemnity Co.*, 86 F.3d 93, 95 (7th Cir.1996) (applying Wisconsin law) ("Insurance companies that refuse in bad faith to honor their undertakings are liable for punitive damages.").

The more difficult questions are whether Regent's interest is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest and whether its interest is adequately protected by an existing party. If Regent's motion is denied and it does not become a party to the action, it will not be bound by any determinations concerning its coverage defenses. *See Kruckenberg v. Harvery*, 694 N.W.2d 879, 885 (Wis. 2005) (holding that essential element of doctrine of claim preclusion under Wisconsin law is identity between the parties or their privies in the prior and present suit.) Thus, it seems that Regent's ability to assert such defenses will not be impaired if it is not permitted to intervene. And while Regent certainly has an interest in minimizing the damages for which its insured may be found liable, so does its insured, since it is unsure, at least at this point, whether its insurance will cover any damages.

Notwithstanding these considerations, Judge Crabb has ruled on at least two occasions that insurers seeking coverage determinations under similar circumstances were entitled to intervene as of right. *See United States v. Thorson*, 219 F.R.D. 623 (W.D. Wis. 2003); and *International Paper Co. v. City of Tomah*, 2000 WL 34230089 (W.D. Wis. Nov. 30, 2000). In both cases, Judge Crabb relied upon the duties imposed on insurers under Wisconsin law when they have doubts over whether a claim tendered to them by their insured is covered. Wisconsin courts have held that "the proper procedure for an insurance company to follow when coverage is disputed is to request a

5

bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved." *Newhouse v. Citizens Sec. Mut. Ins. Co.*, 501 N.W.2d 1, 6 (Wis. 1993). When this procedure is followed, the insurance company runs no risk of breaching its duty to defend its insured and minimizes the defense costs it incurs if no coverage is found to exist. Noting that because the insurance policies at issue had been issued in Wisconsin, Wisconsin law applied in determining the insurer's interest in the case, Judge Crabb concluded in both *Thorson* and *International Paper* that the insurer's interest in avoiding the potentially unnecessary expenditure of legal fees in the underlying action was sufficient to justify intervention as of right. *Thorson*, 219 F.R.D. at 627; *International Paper*, 2000 WL 34230089 at * 6.

I agree with and adopt Judge Crabb's analysis here. Denying an insurer the opportunity to intervene in an action under circumstances such as those presented here "may as a practical matter impair or impede," Fed. R. Civ. P. 24(a)(2), the insurer's ability to protect its interest in obtaining a determination of its duty to defend before substantial costs are incurred. While there is no guarantee this court would stay discovery in the underlying action, the Rule does not require a guarantee. A finding that disposition of the action in the absence of the applicant may impair or impede his ability to protect his interest is sufficient. No other existing party to the action shares Regent's interest in minimizing its defense costs and obtaining a determination that it has no duty to either defend the claim or indemnify its insured. I therefore conclude that Regent's motion to intervene as of right pursuant to Rule 24(a) should be granted. Since its intervention is of right, no independent jurisdictional basis is required and Regent's claim for declaratory relief is properly before me.

However, the parties may wish to reconsider whether it is really in the interest of their clients to pursue the claim for declaratory relief in this forum. Although I have concluded that federal jurisdiction does exist, I have not reached that conclusion by applying clearly established law. As noted above, being wrong about subject matter jurisdiction renders all subsequent efforts in resolving the claim over which jurisdiction is questionable fruitless. It is for this reason that "[t]he boundary between judicial power and nullity should . . . be a bright line, so that very little thought is required to enable judges to keep inside it." 7C Wright, Miller & Kane, *Federal Practice and Procedure*: Civil § 1917 at 475 n. 38 (*quoting* Chafee, *Some Problems of Equity* 312 (1950)). Unfortunately, a review of the cases cited above reveals that the boundary surrounding intervention as of right is not a bright line. I therefore invite the parties to give further consideration to the issue and seek reconsideration if they believe it is warranted. In any event, for the reasons set forth above, Regent's motion to intervene is granted.

**SO ORDERED** this   22nd   day of November, 2006.


s/ William C. Griesbach
William C. Griesbach
United States District Judge

Case 1:06-cv-00122-WCG   Filed 11/22/06   Page 7 of 7   Document 45