UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

JAMES HAGEN and DEBRA HAGEN,

        Plaintiffs,

v.

VAN'S LUMBER & CUSTOM BUILDERS, INC., and     Case No. 06 C 122
DAVID VALENTINE, d/b/a VALENTINE ARCHITECTS,

        Defendants,

and

REGENT INSURANCE COMPANY,

        Intervening Defendant.

───────────────────────────────────────────────

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
───────────────────────────────────────────────

This is a breach of contract action arising out of the design and construction of an upscale vacation home in Algoma, Wisconsin. Plaintiffs, and Minnesota residents, James and Debra Hagen, contracted with defendant architect David Valentine to design the home and supervise its construction, which was done by defendant Van's Lumber & Custom Builders, Inc. ("Van's"). Plaintiffs allege in their complaint that both Valentine and Van's breached their respective contracts, leaving them with a defective home and, as a result, they have sustained damages in excess of $75,000. This court has jurisdiction under 28 U.S.C. § 1332. The case is scheduled for a jury trial to commence on February 5, 2007. Presently pending before the court is Van's motion for partial summary judgment.

In support of its motion for summary judgment, Van's contends that it is not responsible for many of the alleged defects in the plaintiffs' home because they are design defects for which the architect, if anyone, bears responsibility. Van's also contends that some of the deficiencies plaintiffs claim are the result of changes made and approved by plaintiffs and Valentine. Others, they contend,

are the result of poor maintenance by the plaintiffs or manufacturing defects in the components. The only claim that has any merit, Van's contends, is "the need to secure the floor support posts to the basement floor to prevent any damage should they become dislodged." (Van's Br. at 9.)

In their response, plaintiffs concede that the drainage problems on the south roof and the absence of a HVAC drain in the basement are design defects for which Van's is not responsible. (Pl.s' Br. at 2.) In addition, I agree with Van's that plaintiffs have presented no evidence by way of affidavit or otherwise from which a jury could conclude that Van's is responsible for the rotting storm doors. Plaintiffs do not dispute Van's contention that it installed the doors according to the architect's plans, and there is no evidence that Van's played any role in the selection of the doors at issue. Summary judgment will therefore be granted Van's as to those items of plaintiffs' claim. As to each of the other defects, however, plaintiffs have offered evidence from which a jury could find that Van's breached its contract to construct the plaintiffs' home according to the plans and in a workmanlike manner.[1]

Notwithstanding these factual disputes, Van's argues that it is nevertheless entitled to summary judgment on most of the defects alleged by plaintiffs because they waived any claim against Van's by virtue of their acceptance of the home and final payment under the contract. Van's notes that under

---

[1] Of the remaining defects, Van's argument is strongest with respect to the use of angle irons to support the south wall and outside portions of 12 of the 21 columns. Van's argues that summary judgment should be granted as to plaintiffs' claim that it breached the contract by using angle irons instead of a concrete foundation as called for in the plans. Van's contends that the change was approved by the plaintiffs and Valentine, and, in any event, Valentine has determined that the use of angle irons is an appropriate and acceptable technique for supporting stone work. Plaintiffs dispute Van's claim that they consented to the change, and Valentine states the change was necessitated by Van's failure to install block along the eight-foot wall to support the stonework. (Pl.s' Resp. to PFOF ¶ 10.) I therefore conclude a factual dispute exists as to whether the change was approved. As to whether the use of angle irons constitutes a defect, Valentine's statement is supported only by a structural calculation. (Valentine Aff., ¶ 6, Ex. A.) Uzzell's opinion that the use of angle irons caused the cracking in the stonework and that they would likely fail prematurely creates a factual dispute concerning the appropriateness of angle irons that is not addressed in Valentine's calculation. (Graff Aff., Ex. B.)

2

the terms of the contract, final payment is given when "the contract has been fully performed by the contractor except for the contractor's responsibility to correct nonconforming work . . . ." (Van's Br. at 12, citing Aff. of Jeff Dorner – Ex. D.) And under Wisconsin law, Van's contends, "full or partial payment from an owner constitutes a waiver of any obvious non-latent defects in a home. (*Id., citing Guschl v. Schmidt*, 266 Wis. 410 (1954)) Since many of the defects alleged by plaintiffs were not latent but should have been obvious to plaintiffs or Valentine, their representative, Van's argues summary judgment on those defects is appropriate. I am satisfied from my review of the briefs and affidavits filed in support of and in opposition to Van's motion that summary judgment on the remaining defects should be denied. While the parties appear to be in agreement as to the law that should be applied in determining what, if any, defects Van's may be liable for, they clearly dispute the underlying facts to which that law is to be applied. Plaintiffs dispute Van's contention that the defects complained of were non-latent. In support of their position, they cite the affidavit of their expert in which he states "[a]ll of the defects listed in my report were either latent at the time of completion of construction, would not be apparent to a typical homeowner such as Mr. Hagen, and/or are the result of unworkmanlike performance, the symptoms of which only became noticeable after final payment was made, other than the HVAC drain." (Aff. of Timothy J. Uzzell, ¶ 10.) Because the defects alleged were not latent, plaintiffs contend they did not waive their right to sue for damages by making final payment.

Van's argues that Uzzell's statement concerning whether the defects were latent should be disregarded because it is not based on personal knowledge and is conclusory. According to Van's, "Mr. Uzzell is not competent to state what would or would not have been obvious at the time construction was completed." (Van's Reply at 2.) Van's also argues that because Uzzell was not present when construction was completed, he has no personal knowledge of the condition of the home

3

at that time and whether defects were obvious or latent. (*Id.* at 4.) Contrary to Uzzell's statement, Van's argues that the defects alleged are of the type that would have been apparent to either the plaintiffs or Valentine, their representative. Thus, Van's contends, plaintiffs waived the alleged defects by making final payment and it is entitled to judgment as a matter of law.

I do not find Uzzell's affidavit either conclusory or lacking in foundation. According to his resume, Uzzell has more than thirty years experience in the field of residential construction and has built more than forty upper middle class to upper class homes since 1989. (Aff. of Ryan R. Graff, Ex. B.) Whether a construction defect is of a type that would be immediately obvious or latent is a question that would seem to fall within his area of expertise. Moreover, his averment that the defects alleged are mostly the kinds of construction defects that are only apparent over time seems consistent with the type of defects alleged. Fading paint, leaks around windows, cracking in stonework, premature wearing of columns, and the other defects described by Uzzell in his report (Graff Aff., Ex. B)*,* would seem by their very nature to be of a type that would not be apparent immediately after construction. I therefore conclude that a factual issue remains as to Van's waiver argument that precludes summary judgment.

Accordingly, and for the reasons stated above, Van's motion for summary judgment is granted as to plaintiffs' damage claims concerning the drainage problems on the south roof, the absence of a HVAC drain in the basement, and the rotting storm doors. In all other respects, the motion is denied.

**SO ORDERED** at Green Bay, Wisconsin, this ___11th___ day of January, 2007.

BY THE COURT:

 s/ William C. Griesbach
William C. Griesbach
United States District Judge