UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES HAGEN and DEBRA HAGEN,

                Plaintiffs,                Case No. 06 C 122

v.

VAN'S LUMBER & CUSTOM BUILDERS, INC., and
DAVID VALENTINE, d/b/a VALENTINE ARCHITECTS,

                Defendants,

and

REGENT INSURANCE COMPANY,

                Intervening Defendant.

**ORDER**

Plaintiffs James and Debra Hagen ("Hagens") brought this breach of contract action for damages arising out of the design and construction of their vacation home in Algoma, Wisconsin. They alleged that the architect and contractor, Defendants David Valentine and Van's Lumber and Custom Builders, Inc., ("Van's"), had breached their respective contracts, leaving them with a defective home.

The case was scheduled for a jury trial to commence on February 5, 2007. Just before trial was scheduled to begin, however, on February 2, 2007, the parties reached an agreement on terms for settlement of the case and requested that the trial be removed from the court's calendar. The agreement was confirmed in a letter signed by all of the parties, including counsel for the plaintiff. In pertinent part, the letter states:

> In exchange for a full and final release of all claims, past, present and future, David Valentine, Van's Lumber & Custom Builders, Inc., and Regent Insurance Company will pay the combined sum of $20,250 to the plaintiffs. The release of all claims will include a provision to defend, indemnify and hold the released parties harmless for any claims that may arise out of the vacation residence located at N9460 on County road U outside of Algoma, Wisconsin, and will further include a provision requiring confidentiality by all parties regarding the terms of the settlement.

(Affidavit of Jacqueline Lorenz, Exh. A.)

Counsel for Van's then drafted a formal settlement agreement intending to set forth the specific terms that the parties had agreed upon. The Hagens refused to sign the settlement agreement, however, claiming that its terms were broader than the agreement set forth in the letter. Van's thereafter filed a motion to enforce the agreement by ordering the plaintiffs to sign the formal settlement agreement it's counsel had prepared. Van's also seeks an award of costs and fees attributable to the present motion.

In response to Van's motion, the Hagens do not dispute that they agreed to settle the case. They contend, however, that the terms of the formal settlement agreement drafted by counsel for Van's moves beyond the agreement set forth in the letter that was signed by their attorney. They contend that they have no duty to sign the expansive version of the agreement submitted by Van's and argue that the court should not compel them to do so. Instead, the Hagens contend that the court should find the letter signed by the attorneys constitutes an enforceable settlement agreement and order the action dismissed on that basis.

I agree that the letter signed by counsel for the parties on February 2, 2007, constitutes an enforceable settlement agreement. The United States Court of Appeals for the Seventh Circuit has summarized the law in Wisconsin concerning whether a writing constitutes a valid settlement agreement as follows:

2

> Even if the parties agree, point by point, on all terms of the contract, if they understand that the execution of a formal document shall be a prerequisite to their being bound, there is no contract until the document is signed. On the other hand, if it is agreed that a formal document will be prepared to memorialize the bargain the parties have already made, the bargain is enforceable even though the document has not been executed.

*Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 816 (7th Cir. 1987)*(quoting Lambert Corp. v. Evans*, 575 F.2d, 132, 135 (7th Cir. 1978)).

In this case, it is clear from the fact that the parties asked to have the trial removed from the court's calendar that they intended the agreement set forth in the letter of February 2, 2007, to be binding. Indeed, none of the parties dispute this fact, even now. While it is true that they contemplated a more formal writing that would set forth the terms of the agreement in greater detail, they have been unable to agree on the specific language it should contain. There is no doubt that the formal settlement agreement drafted by counsel for Van's is more expansive than the brief letter circulated by the parties on the eve of trial. Van's argues that the substance of the agreement is essentially the same and only the form has changed. The Hagens, on the other hand, take the position that the provisions of the formal settlement agreement, particularly those relating to its duty to indemnify the defendants, is far broader than anything they agreed to prior to trial.

Having considered both the initial letter agreement and the lengthier settlement agreement, I find the objections raised by the Hagens somewhat questionable. Their principle objections are to the scope of the release which, according to the letter signed by their attorney, applies to "all claims, past, present and future" against Valentine, Van's and Van's insurer, and to the indemnification provision under which they agreed to indemnify and hold harmless the same released parties "for any claims that may arise out of the vacation residence ...." In the formal settlement agreement that was tendered to them, the release explicitly includes claims for latent

3

defects of which the parties have no knowledge and extends to successors in interest and employees and agents of the released parties. The Hagens contend they never agreed to such a broad release. They raise the same objection to the indemnification provision and further complain that it contains no monetary limit. Van's argument that the additional language included in the formal settlement agreement only made explicit what is already implicit in the letter agreement is not without merit. It may well be that even in the absence of express language extending the release to employees and agents of the parties and their successors in interest, the letter agreement would be construed to extend to such entities as a matter of law. It also seems disingenuous for the Hagens to object to absence of any limitation on their duty to indemnify the parties or the kinds of future claims they were releasing when no such limitations were set forth in the letter.

Yet, I am unable to say that their objections are completely without merit. The fact that the defendants are insisting on a more elaborate expression of their agreement supports the Hagens' view that the formal settlement agreement submitted by the defendants is not identical to what their letter agreement provided. Issues of contract construction take many forms, and it is impossible to say at this point that the proposed settlement agreement would not afford greater protection than the parties agreed in their letter agreement in the unlikely event some unforeseen claim arises. I therefore conclude that to the extent defendants seek an order compelling the plaintiffs to sign the formal settlement agreement submitted by counsel for Van's, their motion should be denied.

On the other hand, I agree with the parties that an agreement was reached and this case is settled. I will therefore incorporate herein the provisions of the letter agreement signed by counsel and direct the parties to perform their respective obligations under the agreement. In this sense, the motion to enforce the settlement agreement is **granted.** Accordingly, based upon the agreement of the parties, **it is hereby ordered as follows**:

4

1) David Valentine, Van's Lumber and Custom Builder's Inc., and Regent Insurance Company, are fully and finally released from all claims of James and Debra Hagen, past, present and future, arising out of the design or construction of their vacation home in Algoma, Wisconsin.

2) Valentine's, Van's and Regent Insurance shall pay to James and Debra Hagen the total sum of $20,250.

3) James and Debra Hagen shall defend, indemnify and hold harmless Valentine, Van's and Regent for any claims arising out of the design or construction of their vacation home.

**It is further ordered** that based upon the agreement of the parties set forth above, this matter is hereby dismissed on its merits and without costs to either party.

Dated this   6th   day of September, 2007.

      s/ William C. Griesbach
William C. Griesbach
United States District Judge